UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILIP SELDON,

                        Plaintiff,

                 v.

EDWARD MAGEDSON A/K/A ED
MAGEDSON, and XCENTRIC
VENTURES L.L.C.,

                        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 28, 2012

11 Civ. 6218 (PAC) (MHD)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Philip Seldon ("Seldon"), pro se, commenced this action on September 6, 2011 against Edward Magedson ("Magedson") and Xcentric Ventures, LLC ("Xcentric") (collectively, "Defendants") for defamation and breach of contract. Seldon claims that Defendants knowingly posted false and defamatory comments on their website, entitled ripoffreport.com, and that Defendants failed to perform certain reputation-repair services for which he and Defendants had contracted. Seldon seeks compensatory and punitive damages as well as specific performance of the alleged contract.

    After the Court referred the general pretrial and dispositive motions in the case to Magistrate Judge Michael H. Dolinger, by Order dated September 12, 2011, Seldon amended his complaint on November 8, 2011, and on November 28, 2011, Defendants moved to dismiss all of Seldon's claims for lack of personal jurisdiction under either Section 301 or Section 302(a)(1) of the New York Civil Practice Law and Rules ("CPLR"), to dismiss the claims for defamation and part of the breach of contract claim under the Communications Decency Act ("CDA"), 47 U.S.C. § 230 et seq., and to dismiss the remaining contract claim under the Statute of Frauds or for lack of subject matter jurisdiction. On July 9, 2012, Magistrate Judge Dolinger issued a

Report and Recommendation ("R&R"), recommending granting the motion to dismiss for want of personal jurisdiction.[1] The report further recommended that if the Court found that it had jurisdiction, that the defamation claims and the contract claim concerning the Communications Decency Act be dismissed as well, leaving only the contract claim dealing with website advertising. The Court's review of the R&R finds no clear error, and accordingly the Court adopts Magistrate Judge Dolinger's R&R that the action be dismissed for want of personal jurisdiction. The Court therefore does not address the contingent recommendations.

## I. BACKGROUND

**A. Facts**[2]

The Court assumes the parties' familiarity with the underlying facts of the case. Stated briefly, Magedson and his company, Xcentric, own and operate a website called ripoffreport.com. The website allows users to post about their "individual 'reports'" regarding the practices of a business. Seldon became the subject of multiple unflattering posts by users of the website. These posts accused him of various actions from sexual harassment to fraud and tax evasion.

Seldon alleges that he contacted Magedson, who agreed to contact the users in an attempt to verify the accusations. Magedson also allegedly agreed to remove the posts if the users were unable to verify the claims, as well as to advertize on the site for companies associated with Seldon in exchange for Seldon's transferring to Magedson several websites worth approximately $150,000. Magedson failed to perform these actions.

---

[1] The R&R provided fourteen days for written objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72. No objections were filed.
[2] All facts are taken from the July 9, 2012 R&R unless otherwise noted.

## II. DISCUSSION

A. **Standard of Review**

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

B. **Personal Jurisdiction**

"In diversity cases, the issue of personal jurisdiction is governed by the law of the forum state." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d. Cir. 2006). Under the New York Civil Practice Law and Rules, jurisdiction over out-of-state defendants can be based on (1) general jurisdiction under CPLR § 301 ("Section 301") or (2) long-arm jurisdiction under CPLR § 302 ("Section 302").

    1. Section 301 - General Jurisdiction

Section 301 grants jurisdiction over a foreign corporation "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." Laufer v. Ostrow, 434 N.E.2d 692, 649 (N.Y. 1982) (quoting McGowan v. Smith, 419 N.E.2d 321, 323 (N.Y. 1981)). Courts consider five factors in making this determination: (1) whether the company has an office in New York; (2) whether it solicits business in New York; (3) whether it has any bank accounts or other property in New York; (4) whether it has a phone listing in New York; and (5) whether it has individuals permanently located in New York to promote its interests. See, e.g., Hoffritz, 763 F.3d at 58; Seldon v. Direct Response Techs., Inc., No. 03 Civ. 5381 (SAS), 2004 WL 691222, at *4 (S.D.N.Y. Mar. 31,

2004). There is no dispute that Defendants do not satisfy factors 1, 3, 4 and 5. Defendants have no office, bank account property, phone listing or employees permanently located in New York.

With regard to the second factor, "solicitation of business alone will not justify a finding of corporate presence in New York." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 569 (S.D.N.Y. 2000) (quoting Laufer, 55 N.Y.2d at 310). Rather, personal jurisdiction only attaches when "the solicitation 'is substantial and continuous, and defendant engages in other activities of substance in the state.'" Id. (quoting Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043–44 (2d. Cir. 1990)).

Magedson is an Arizona resident and his company, Xcentric, is an L.L.C. registered in Arizona. Defendant maintained a website that was available in New York, but the fact that a website is available to New York residents, absent other factors, does not constitute a presence in New York, much less the continuous and systematic presence required for jurisdiction. Even the maintenance of an interactive website "generally will not confer general jurisdiction over a defendant." Seldon, 2004 WL 691222, at *4. General jurisdiction does not attach where, as here, the website merely allows the viewer to contact the operator and exchange information but does not allow users to "conduct any actual commerce." Yanouskiy v. Eldorade Logistics Sys., Inc., No. 05 Civ. 2202 (ENV) (JMA), 2006 WL 3050871, at *3 (E.D.N.Y. Oct. 20, 2006).

Plaintiff claims Magedson also initiated phone calls to him regarding the website and that they entered into a contract telephonically while Plaintiff was in New York.[3] Such isolated and infrequent commercial contacts are insufficient to warrant general jurisdiction. See, e.g., Skrodzki v. Marcello, 810 F. Supp. 2d 501, 507–11 (E.D.N.Y. 2011) (finding no jurisdiction where defendant was outside New York and negotiated contract telephonically and

---

[3] Defendants dispute these allegations, but for the purposes of jurisdictional analysis, all doubts shall be resolved in favor of the Plaintiff. DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d. Cir. 2001).

4

electronically); Barrett v. Tema Dev. (1988), Inc., 463 F. Supp. 2d 423, 430–33 (S.D.N.Y. 2006) (same).

The two cases plaintiff relies on do not support his argument. First, Plaintiff asserts that Xcentric was subject to, and did not contest, jurisdiction in a matter before the Supreme Court of the State of New York. He is incorrect. After Xcentric submitted papers in opposition, the court dismissed as to Xcentric for lack of personal jurisdiction under either Section 301 or Section 302. Greenky v. Joslin, No. 101174/10 (N.Y. Sup. Ct. Jan. 23, 2012). Second, Plaintiff cites Intellect Art Multimedia, Inc. v. Milewski, in which it was "undisputed that Xcentric [was] not subject to general jurisdiction based on presence or domicile in New York under CPLR § 301." No. 117024/08, 2009 WL 2915273, at *5 (N.Y. Sup. Ct. Sept. 11, 2009).

Even when the plaintiff's pro se papers are liberally construed, they fail to establish general jurisdiction under Section 301. Magistrate Judge Dolinger's conclusion that Seldon failed to make a prima facie showing that general jurisdiction attached to Defendants is correct.

2.      Section 302 - Specific Jurisdiction

Section 302(a) grants jurisdiction where the cause of action arises out of a defendant's intentional contact with New York. Analysis under Section 302(a) is claim specific because it focuses on where the cause of action accrued. See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 274 (5th Cir. 2006); Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). Section 302(a)(1) provides that a court may exercise personal jurisdiction over a non-domiciliary who "transacts any business *within* [New York], provided that the cause of action arises out of the transaction of business." Deer Consumer Prods., Inc. v. Little, 938 N.Y.S.2d 767, 776 (N.Y. Sup. Ct. 2012) (citing Lebel v. Tello, 707 N.Y.S.2d 426, 426 (1st Dep't 2000)). Section 302(a)(2) provides for jurisdiction over out-of-state defendants who commit tortious acts within New York

5

"except as to a cause of action for defamation of character." Section 302(a)(3) confers jurisdiction over a tortuous act without the state that causes injury within the state (again, except for defamation) where the defendant also either "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Section 302(a)(4) permits jurisdiction over a party who "owns, uses, or possesses" any real property in New York..

a. *The Defamation Claims*

Sections 302(a)(2) and (3) explicitly exclude defamation claims and therefore offer no basis for jurisdiction over Plaintiff's first six claims. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244–45 (2d Cir. 2007). Section 302(a)(4) has no application here because Defendants do not "own[ ], use[ ] or possess[ ]" real property in New York.  The only potentially applicable provision for Plaintiff's first six claims is therefore Section 302(a)(1), which "confers jurisdiction over a defendant who purposefully avails itself of the privilege of conducting activities within New York . . . where the cause of action arises out of the subject matter of the business transacted." Citigroup, 97 F. Supp. 2d at 564. Generally, a single business transaction is sufficient to confer jurisdiction. Id.

For purposes of determining whether jurisdiction exists under Section 302(a)(1), business transactions are construed more narrowly for defamation claims than for other types of claims. See  SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n, 963 N.E.2d 1226, 1228 (N.Y. 2012). While "one transaction, or a simple act, in New York" is generally sufficient to confer jurisdiction, "the 'single act' of uttering a defamation, no matter how loudly, is not a transact[ion

of] business' that may provide the foundation for personal jurisdiction." Best Van Lines, 490 F.3d at 248. With regard to defamatory material on a website, jurisdiction lies only where the statement is "intended to target or focus on internet users in the state where the cause of action is filed." Knight-McConnell, No. 03 Civ. 5035 (NRB), 2005 WL 1398590, at *3 (S.D.N.Y. June 13, 2005) (quoting Seldon, 2004 WL 691222, at *4–5). The complaint does not suggest that either the website or the specific posts at issue intentionally targeted New York.

In assessing whether a defendant has transacted business in New York, courts "must look to the totality of the circumstances to determine the existence of purposeful activity and may not subject the defendant to jurisdiction based on random, fortuitous, or other attenuated contacts." K.C.P.L., Inc. v. Nash, No. 98 Civ. 3773 (LMM), 1998 WL 823657, at *4 (S.D.N.Y. Nov. 24, 1998). Defendants do not transact business in New York via ripoffreport.com because the website is not commercial as it "neither sells goods or services through its website nor charges membership fees to its registered users." Capital Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 358 (S.D.N.Y. 2009); see also Rescuecom, 477 F. Supp. 2d at 529–30; Knight-McConnell, 2005 WL 1398590, at *3.

Plaintiff relies on Intellect Art, which found that Xcentric transacted business in New York by soliciting "companies and individuals to 'resolve' the complaints leveled against them on Ripoff Report." 2009 WL 2915273, at *6.  This appears to be a reference to Xcentric's Corporate Advocacy Program ("CAP"), in which Defendants offer reputation-repair services for a fee to persons and businesses who have received negative feedback on ripoffreport.com. Plaintiff does not allege, however, that such solicitations occur via Defendants' website, that CAP-related fees are transmitted via the website, or that website users can purchase CAP services online. See Nationwide Mut. Ins. Co. v. Morning Sun Bus Co., No. 10 Civ. 1777 (ADS),

2011 WL 381612, at *8 (E.D.N.Y. Feb. 2, 2011); Arouh v. Budget Leasing, Inc., 883 N.Y.S.2d 4, 5 (1st Dep't 2009); Sayeedi v. Walser, 835 N.Y.S.2d 840, 846 (Civ. Ct. Richmond Cnty. 2007).

Judge Dolinger found that "the defamation claims arise solely from the posting of reports by members of the public on a mostly interactive website that does not itself engage in commercial activity, much less commercial activity targeting New York." (R&R at 36.) As such, Plaintiff has failed to sustain his burden of demonstrating that his claims arose from business transacted by Defendants in New York pursuant to Section 302(a)(1). Finding no clear error, the Court adopts Judge Dolinger's recommendation that Plaintiff's defamation claims be dismissed for lack of personal jurisdiction.

    b.  *The Breach-of-Contract Claim*

As with Plaintiff's defamation claims, Section 302(a)(1) is the only possible source of jurisdiction. Sections (a)(2) and (3) apply only to tortious conduct, not to breach of contract claims. See Florczak v. Staffieri, No. 06 Civ. 0064 (TJM), 2006 WL 1085173, at *3 (N.D.N.Y. Apr. 25, 2006) (citing Amigo Foods Corp. v. Marine Midland Bank-N.Y., 348 N.E.2d 581, 584 (N.Y. 1976)). Section 302(a)(4) is again inapplicable because Defendants have no real property in the state.

As discussed previously, Section 302(a)(1) requires Defendants to have "transacted business" in New York. The Second Circuit has identified four factors that are relevant to determining whether a contracting party has transacted business in New York: "(1) whether the defendant has an ongoing contractual relationship with a New York entity, (2) whether the contract was negotiated or executed in New York, (3) whether the defendant visited New York in connection with the contract, and (4) whether the contract is to be governed by New York law

under a choice of law clause." Berkshire Capital Grp., LLC v. Palmet Ventures, LLC, 307 F. App'x 479, 480 (2d Cir. 2008) (summary order) (citing Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22–23 (2d. Cir. 2004)). These factors are not exhaustive and no single factor is dispositive. AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cnty., Wash., 675 F. Supp. 2d 354, 361 (S.D.N.Y. 2009) (citing Sunward Elecs., Inc., 362 F.3d at 23). Courts must look at the totality of the circumstances in determining whether jurisdiction lies. Id. (citing Best Van Lines, Inc., 490 F.3d at 246).

"New York Courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communications from another locale with a party in New York." Maranga v. Vira, 386 F. Supp. 2d 299, 306 (S.D.N.Y. 2005) (quoting Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 766 (2d Cir. 1983). In the instant case, Defendants never set foot in New York in connection with the contract.  The contract was negotiated telephonically, and possibly via e-mail as well, while Defendants remained outside the state. Performance of the contract would not have required Defendants to take or affect any action within New York. Nor does Plaintiff allege that the parties agreed that the contract would be governed by New York law.

Magistrate Judge Dolinger did not err in recommending that the Court dismiss Plaintiff's contract claim for lack of personal jurisdiction because Defendants did not have the requisite level of contact with New York to have "transacted business" under Section 302(a)(1), and Sections 302(a)(2), (3), and (4) were facially inapplicable.

### III. CONCLUSION

For the forgoing reasons, the Court adopts the Report and Recommendation in full. Defendants' motion to dismiss for lack of personal jurisdiction is granted against all claims for

defamation and breach-of-contract. The Court agrees with Magistrate Judge Dolinger that because Plaintiff has "Already amended his complaint after receipt of [D]efendants' motion to dismiss, and thus has been given the opportunity to reshape his pleadings in an effort to meet [D]efendants' jurisdictional defense[,] . . . there is no justification to invite still another effort on his part." (R&R at 62.) Accordingly, the complaint is dismissed and the Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
September 28, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Mr. Philip Seldon
500 E. 77th Street
New York, NY 10162

Maria Crimi Speth, Esq.
Jaburg & Wilk, P.C.
3200 N. Central, Suite 2000
Phoenix, AZ 85012